David Ali Chami (SBN 027585)
**PRICE LAW GROUP, APC**
1204 E. Baseline Road Suite 102
Tempe, AZ 85283
T: (818) 907-2030
Fax: (818) 205-2730
David@pricelawgroup.com

Attorneys for Plaintiff,
CAROLYN RILEY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CAROLYN RILEY,<br><br>            Plaintiff,<br><br>     vs.<br><br>PREMIER RECOVERY SERVICES; and DOES 1 through 10, inclusive,<br><br>            Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

### I.    INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Carolyn Riley, an individual consumer, against Defendant, Premier Recovery Services, for violations of the law, including, but not limited to, violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III. PARTIES

3.  Plaintiff, Carolyn Riley, is a natural person with a permanent residence in Phoenix, Maricopa County, Arizona 85014.

4.  Upon information and belief, the Defendant, Premier Recovery Services, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 9160 S 300W, Ste. 15, Sandy, Salt Lake County, Utah 84070. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the

FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, continued to contact Plaintiff after being informed that Plaintiff is not the alleged debtor that Defendant is trying to locate.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff several times after being informed that Plaintiff is not the alleged debtor that Defendant is attempting to locate.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

10. The natural consequences of Defendant's statements and actions were

to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11.    The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12.    Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by continuing to harass Plaintiff after being informed that Plaintiff is not the alleged debtor that Defendant is attempting to locate.

## V.    CLAIM FOR RELIEF

13.    Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14.    Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)    Defendant violated §1692b(3) of the FDCPA by calling a third party to the alleged debt more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

(b)    Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse

any person in connection with the collection of an alleged debt; and

(c) Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

(d) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(e) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16.    As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Carolyn Riley, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Premier Recovery Services, for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA.

    B. Actual damages.

    C. Statutory damages.

    D. Costs and reasonable attorney fees.

    E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Carolyn Riley, demands trial by jury in this action.

DATED:  July 31, 2014

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By:/s/ David Ali Chami
David Ali Chami
Attorney for Plaintiff

- 6 -

COMPLAINT